**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____

| | |
|---|---|
| **SANDRA GARCIA** ) | **CIVIL ACTION** |
|    **Plaintiff** ) | |
| ) | **COMPLAINT** |
| **v.** ) | |
| ) | **TRIAL BY JURY** |
| **FRED'S AUTO MART, INC and** ) | **DEMANDED** |
| **AUTOFLOW FINANCING, LLC** ) | |
|    **Defendants** ) | |
| _____ ) | **MARCH 1, 2012** |

## I. <u>INTRODUCTION</u>

1. This is a suit brought by a consumer residing in Connecticut regarding the purchase and sale of a motor vehicle ("the Vehicle") pursuant to a retail installment sales contract ("the Contract"). Plaintiff brings this action to recover actual, statutory, and punitive damages, reasonable attorney's fees, and costs from Defendant Fred's Auto Mart, Inc ("the Dealership") and Defendant Autoflow Financing, LLC ("Autoflow"). The Plaintiff claims that the Dealership violated the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and the Connecticut Retail Installment Sales Finance Act, C.G.S. § 36a-771(b) ("RISFA"), in the sale of the Vehicle to Plaintiff; the Dealership also violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"), and it committed breach of implied warranty of merchantability by selling Plaintiff a vehicle that was not in merchantable condition and is consequently also liable under the Magnuson-Moss Federal Warranty Act, 15 U.S.C. §§ 2301-2312 ("Magnuson-Moss"). Plaintiff seeks her damages, revocation of acceptance of the Vehicle, and declaratory relief regarding the underlying retail installment sales contract

entered into by Plaintiff to purchase the Vehicle.  Defendant Autoflow retained benefit of the Contract notwithstanding having been given notice of these violations, and is liable pursuant to Conn. Gen. Stat. § 36a-786 as the holder of that contract and under RISFA for the willful violations of the Dealership.

2.      Plaintiff is a natural person residing in East Hartford, Connecticut, and is a "consumer" within the meaning of Magnuson-Moss.

3.      The Dealership is a Domestic Corporation that operates an automobile dealership in Berlin, Connecticut.

4.      Defendant Autoflow is a domestic limited liability company and sales finance company licensed to do business in Connecticut that accepts the assignment of finance contracts from Connecticut car dealerships.

5.      Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 2310(d)(1)(B) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6.      This court has jurisdiction over the defendants because they are organized under the laws of this state and regularly conduct business in this state.

7.      Venue in this court is proper, because the Plaintiff resides in Connecticut, and the claims involve a transaction that occurred in Connecticut.

8.      On or around October 21, 2011, Plaintiff visited the Dealership with her son and daughter and spoke with a representative named Kristine Trowbridge ("Trowbridge").

9.      Plaintiff expressed to Trowbridge that she was interested in purchasing a reliable vehicle in order to travel to and from work.

10.     Trowbridge presented Plaintiff with a 2000 Saturn L-Series ("the Vehicle").

11.     Plaintiff test drove the Vehicle, and, during the test drive, it was observed that the Vehicle was vibrating excessively while at a stop light.

12.     Trowbridge told Plaintiff that the Dealership would fix the problem for free and that the vehicle would be available in a few days.

13.     Plaintiff agreed to Purchase the Vehicle, and Trowbridge asked Plaintiff for $1,000 down payment, to which Plaintiff responded that she could pay only $900.

14.     Trowbridge agreed to accept the $900 down payment on the condition that Plaintiff pay the additional $100 a week later, on or around October 28, 2011.

15.     On or around October 21, 2011, Plaintiff executed a Retail Installment Sales Contract ("RISC") for the Vehicle.

16.     The RISC provided that the total sale price of the vehicle was $13,782.94, and that Plaintiff would pay 155 weekly payments of $77.47 and 1 final payment of $75.09 beginning on October 28, 2011.  The RISC did not include the $100 payment due by October 28, 2011.

17.     The Contract's Truth in Lending disclosure showed a cash down payment of $1,700; however, only $1,000 was requested by the Dealership and only $900 was paid by Plaintiff at the time of the transaction.

18.     The Dealership and Plaintiff entered into a separate promissory note for an additional $800, payable in 16 installments of $50, beginning on October 28, 2011.

19.     Although the purchase was purportedly made on an "As Is" basis, the Dealership entered into a service contract with Plaintiff at a cost of $1,800.

20.     The Contract was assigned to Autoflow for valuable consideration.

21.     After executing the purchase paperwork, Plaintiff left the Dealership under the impression that she would return in a few days to pick up the vehicle.

22.     The Vehicle was not delivered to Plaintiff until November 29, 2011, although interest began to accrue on Plaintiff's account beginning on October 21, 2011, and notwithstanding that Plaintiff had been required to commence making weekly payments nearly a month before that date.

23.     Subsequent to its delivery to Plaintiff, the Vehicle suffered mechanical problems.  On or around late November, 2011, Plaintiff brought the Vehicle to the Dealership for repair where it remained for a significant period of time before Plaintiff was told that the Vehicle would need a new engine.

24.     As of January 18, 2012, the Vehicle had not been repaired and was still in possession of the Dealership.

25.     During this time, Plaintiff continued to pay the weekly installment payments for the Vehicle.

26.     On or around January 18, 2012, Plaintiff, through counsel, sent written notice of her claims to the Dealership and Autoflow, and revoked her acceptance of the Vehicle.

27.     Alternatively, Plaintiff, through counsel, asserted in the January 18, 2012 letter that she had rescinded the contract.

28.     As a result of the above described conduct, Plaintiff suffered an ascertainable loss, including, but not limited to, accrued interest on the Vehicle prior to delivery.

29.    Through its above-described conduct, the Dealership violated TILA, RISFA, CUTPA, Magnuson-Moss, and breach of the implied warranty of merchantability.

30.    Prior written notice of Plaintiff's claims was given to Dealership, and under the terms of the contract and in accordance with Conn. Gen. Stat. § 52-572g, Autoflow is liable to Plaintiff for her claims up to the amount paid under the contract plus the amount of outstanding indebtedness thereunder.

**Wherefore, Plaintiff claims**, actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $2,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); damages pursuant to C.G.S. § 42a-2-714; damages, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 2310(d); statutory punitive damages pursuant to C.G.S. § 42-110g(a); attorney's fees pursuant to C.G.S. § 42-110g(d); an order declaring that the contract is rescinded and directing return of all moneys paid to Plaintiff;  an order from the Court ordering the Dealership and Autoflow to cease and desist from engaging in unfair and deceptive trade practices; and such other further relief to which Plaintiff is, at law, or in equity and by statute, entitled to against the Dealership and Autoflow.

PLAINTIFF, SANDRA GARCIA

By: /s/Daniel S. Blinn_____
    Daniel S. Blinn, ct02188
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax. (860) 571-7457
    dblinn@consumerlawgroup.com